UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY KUTRIP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-1762 (CEJ) ) |
| AMERICAN HEALTHWAYS SERVICES, INC., d/b/a HEALTHWAYS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant American Healthways Services, Inc., d/b/a Healthways, to dismiss, pursuant to Rule 12(b)(6), Fed.R.Civ.P., Count II of the complaint. Plaintiff has not filed a response, and the deadline for doing so has passed.

Plaintiff Mary Kutrip was employed by defendant Healthways from June 2004 until her discharge on November 10, 2006. She alleges that Healthways denied her request for reasonable accommodation and terminated her based on her disability. She filed suit on October 23, 2009, asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203 (Count I) and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010 *et seq.* (Count II). Defendant contends the MHRA claim is time-barred because (1) plaintiff's charge of discrimination was untimely filed with the Missouri Human Rights Commission (MHRC) under § 213.075.1 and (2) her law suit was untimely filed under § 213.111.1.

I. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 556.

## II. Discussion

A victim of discrimination asserting claims based on the MHRA must file an administrative charge with the Missouri Commission on Human Rights (MCHR) within one hundred and eighty (180) days of the discriminatory act and must bring a civil action no later than two years after the alleged cause occurred. §§ 213.075.1; 213.111.1. "Any act of discrimination occurring outside this 180-day period is considered 'merely an unfortunate event in history which has no present legal consequences.'" Pollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999) (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 557 (1977)).

According to the complaint, plaintiff was discharged on November 10, 2006, and she filed a charge of discrimination with the MCHR on August 29, 2007, well beyond

the 180-day limitation period. In addition, plaintiff filed this action on October 23, 2009, more than two years after she was discharged. Consequently, plaintiff's MHRA claim is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II of the complaint [Doc. #12] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2010.